ON WRIT OF CERTIORARI TO THE COURT OF APPEAL, FIRST CIRCUIT, PARISH OF WEST FELICI-ANA PER CURIAM |,The trial court found that the zero-visibility-event at issue resulted from an Act of God, the defendants’ only duty was to contact the NOFD, and the defendants had no affirmative duty to conduct controlled burns. As such, the trial court granted the motion for summary judgment, dismissing the plaintiffs’ claims against the defendants, with prejudice. Although the court of appeal found no evidence to support the plaintiffs’ claims regarding a duty of the defendants to extinguish and control the fire beyond notifying and cooperating with the NOFD, the court of appeal found that disputed issues of fact did remain regarding the negligence of the defendants under LSA-C.C. art. 2317.1. Specifically, the court of appeal found that there were genuine issues of material fact in dispute as to whether an over-accumulation of “scrub shrub” amounted to a defect in the property, and whether, by failing to conduct controlled burns, the defendants breached their duty to exercise reasonable care to cure that defect. On that basis, the court of appeal reversed the trial court’s judgment, in part. The court of appeal denied the defendants’ motion for summary judgment insofar as the negligence of the defendants, pursuant to LSA-C.C. art. 2317.1. There is no duty on the part of the defendants to conduct controlled burning. Absent a duty, there can be no breach of duty. Consequently, the court of appeal 12erred in reversing the trial court’s judgment, and denying the defendants’ motion for summary judgment. IT IS ORDERED that the judgment of the trial court be reinstated, and that the motion for summary judgment filed by the defendants, Little Pine Island Corp., Little Pine Island, LP, and John J. Cummings, III, be granted, dismissing the plaintiffs’ claims against them, with prejudice. Weimer, J., would grant and docket.